**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| HEARTLAND CERAMIC APPLICATIONS, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15-CV-242-TCK-PJC<br>) |
| PRO-TEK-USA, LLC;<br>WESTERN COLLOID N.C., INC.; | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendant Western Colloid N.C., Inc. ("Western Colloid") (Doc. 13), wherein Western Colloid moves to dismiss Plaintiff's First Amended Complaint based on failure to diligently serve process and prosecute the action and failure to state a claim for relief. Defendant Pro-Tek-USA, LLC ("Pro-Tek") joined this motion, incorporated Western Colloid's arguments, and included additional information regarding when it was served with process (Doc. 21). The Court construes the motions as brought under Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6).

**I.   Procedural History**

On August 29, 2011, Plaintiff filed an action in Tulsa County District Court against the two named Defendants in this case, Western Colloid and Pro-Tek, and two other Defendants. Following removal, the case was assigned to United States District Judge James Payne. Judge Payne dismissed the case without prejudice as to Pro-Tek because Plaintiff failed to allege the terms of any contract between Plaintiff and Pro-Tek, how the contract was breached, or whether Pro-Tek had a contractual

obligation to remedy defects in products it distributed. Judge Payne found the contract claim against Pro-Tek "implausible." (*See* 11-CV-618-JCP, Doc. 42.)

With respect to Western Colloid, Judge Payne concluded:

Plaintiff merely alleges [Western Colloid] manufactures defective products that are distributed by ProTek . . . . Plaintiff's Petition is devoid of any allegation that he ever received Western Colloid products from ProTek, or that Western Colloid produced the defective [Ceramic Reflective Coating Systems] for which he now seeks damages. An allegation that a company generally produces a poor product, while inflammatory, does not support a plausible claim for relief as to this Plaintiff.

(*Id.*) As a general statement applicable to all Defendants, Judge Payne further reasoned:

Plaintiff fails to articulate specific facts that tie his defective product . . . to the particular Defendants, and fails to set out even a general time frame in which these events are alleged to have occurred. This creates a problem of notice . . . . The elementary requirements of Rule 8 exist so that neither the Defendants nor the Court need make such inferences.

(*Id.*) Therefore, Judge Payne dismissed the case pursuant to Federal Rule of Civil Procedure 12(b)(6) based on implausibility of claims and insufficient pleading. Dismissal occurred on April 30, 2012.

On February 1, 2013, Plaintiff filed the instant action in Rogers County District Court. The case languished on the docket for eighteen months, one year past the 180-month deadline for service, *see* Okla. Stat. tit. 12, § 2004(I), and eight months past the one-year deadline for prosecuting an action, *see* Okla. Stat. tit. 12, § 1083. During the eight months of non-prosecution during which § 1983 instructed that the matter "shall be dismissed . . . by the court on its own motion after notice to the parties," the court failed to take such action. *See id.*

On August 4, 2014, Plaintiff finally filed a motion for a 45-day extension of time to effect service. Plaintiff stated that it was "awaiting additional parties and witnesses before proceeding as other homeowner's [sic] have complained to Plaintiff about this product . . . ." (*See* Doc. 2-3.) On

2

August 4, 2014, the court granted the motion. On March 6, 2015, well outside the 45 days permitted by the court, Plaintiff effected service on Western Colloid. On March 26, 2015, Plaintiff filed a second motion for extension of time requesting an additional 45 days to effect service, outlining the same reasons set forth above and that counsel had "been out of the office for awhile." (*See* Doc. 2-5.) The court again granted the motion for extension.

On May 6, 2015, Western Colloid removed the action to this Court. On June 8, 2015, rather than responding to a motion to dismiss filed by Western Colloid, Plaintiff filed a First Amended Complaint ("FAC"). Western Colloid then filed its pending motion to dismiss the FAC. On July 27, 2015, nearly two and a half years after Plaintiff filed the action, Plaintiff effected service upon Pro-Tek. Pro-Tek entered an appearance and joined Western Colloid's motion to dismiss.

## II.    Factual Allegations in FAC

Plaintiff Heartland Ceramic Applications is an Oklahoma corporation in the business of putting ceramic coating on homes. Defendant Pro-Tek marketed and distributed a product known as Ceramic Reflective Coating Systems ("CRICS"). Beginning in 2006, Plaintiff purchased CRICS from Pro-Tek. From 2006-2008, Plaintiff did not have any problems with the product. In 2008, Pro-Tek elected to switch from its previous CRICS manufacturer to Defendant Western Colloid. Immediately upon this switch in manufacturers, Plaintiff and its employees "noticed substantial changes in the product" and expressed concerns to their Pro-Tek agent, Bert Lyrch ("Lyrch"). (FAC ¶ 10.) After Pro-Tek changed manufacturers, Plaintiff's customer's began to experience problems with the product including melting, bubbling, and warping. Plaintiff notified Lyrch of these problems, and Lyrch informed Plaintiff that Western Colloid "would cure any defects and ensure that Plaintiff would be made whole." (*Id.*) Relying on these assurances, Plaintiff continued to use

the product but soon discovered the defects were not cured.  Plaintiff expended money and time to remedy its customers' problems, which were allegedly caused by the defective product. In 2009, Plaintiff first discovered that the problems were likely due to Pro-Tek's use of a new manufacturer.  Plaintiff then ceased to use any CRICS manufactured by Western Colloid.

Although not set forth as distinct claims, Plaintiff appears to assert three causes of action, two against Pro-Tek and one against Western Colloid.  First, Plaintiff asserts Pro-Tek violated the Oklahoma Consumer Protection Act "by representing product's utility, marketing, selling and representing the quality of the product [sic] distributing a defective product and failing to remedy it."  (*Id.* ¶ 14.)  Second, Plaintiff asserts Pro-Tek "breached its warranties of fitness for a particular purpose and merchantability as well as express warranty under the UCC as adopted by Oklahoma." (*Id.* ¶ 15.)  Third, Western Colloid, as the manufacturer, "breached its express warranty, implied warranty of merchantability, and fitness for a particular purpose."  (*Id.* ¶ 16.)

## III.     Legal Standards

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to seek dismissal based on the sufficiency of service of process, which includes challenges to timeliness of delivery.  *See* 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2006) (footnotes omitted); *Kingsley v. Okla. City*, No.  CIV-05-341, 2006 WL 2583762, at * 2 (W.D. Okla. Sept. 7, 2006).  Under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across

the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 569). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

### IV. Pro-Tek's Motion to Dismiss

Even under the two generous extensions granted in state court prior to removal, Pro-Tek was not timely served with process. In the second order granting an extension, Plaintiff was given 45 days from March 25, 2015, or until May 9, 2015, to effect service. Plaintiff did not serve Pro-Tek until July 25, 2015, well outside the granted extension period and over two and a half years after the case was filed. Further, because Pro-Tek was named in the original Petition, Plaintiff's filing the FAC did not restart the service clock. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Kingsley*, 2006 WL 2583762, at * 2. Therefore, Plaintiff failed to timely serve Pro-Tek.

Ordinarily, this Court is lenient with service extensions and favors resolution on the merits. This case, however, presents a startling lack of diligence that warrants dismissal with prejudice based on untimely service and failure to diligently prosecute. Specifically, the Court finds: (1) Plaintiff knew the location and service agent of Pro-Tek based on the first lawsuit, in which Pro-Tek was served and entered an appearance; (2) Plaintiff waited the maximum time allowable to re-file the case and then did nothing for another eighteen months; (3) although Plaintiff was well outside both the 180-day service period and the one-year non-prosecution period set forth in Oklahoma statutes, the state court judge generously granted two extensions of time for Plaintiff to effect service based upon Plaintiff's stated reason of adding claims and plaintiffs; (4) Plaintiff still did not serve Pro-Tek within the extended period; (5) Pro-Tek was served over two and a half years after the case

was filed; and (6) Plaintiff never added any new plaintiffs or claims, and the FAC does not significantly differ from the Petition filed in 2013. Under these circumstances, the Court declines to grant Plaintiff any further extensions of time, finds that service upon Pro-Tek was untimely, and finds that the egregious lack of diligence in service and prosecution of the matter warrants dismissal with prejudice.

## V.     Western Colloid's Motion to Dismiss

### A.     Service

Plaintiff served Western Colloid outside the first extension of time and before it filed the second motion for extension. The second motion for extension was therefore an attempt to cure the untimely service on March 6, 2015. When the state court granted the second motion for extension, allowing Plaintiff until May 9, 2015, to effect service, it did effectively cure the untimely service that occurred in March. Therefore, the Court finds that Western Colloid was timely served under the state court's extensions of time.

Western Colloid argues that this Court must nonetheless grant its motion to dismiss because the state court lacked authority to grant these extensions after expiration of the one-year period set forth in title 12, section 1083 of the Oklahoma Statutes, which provides:

> Any action in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year *shall be dismissed without prejudice* by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

(emphasis added). According to Western Colloid, because Plaintiff did not file his first motion for extension within the one-year period, the court lacked authority to find good cause and "allow the action to remain upon its docket."

Although Western Colloid's argument has some appeal, the Court interprets the statute as granting the judge ultimate discretion to allow the case to remain on its docket, even if the plaintiff first seeks relief outside the one-year window. Here, the state court judge did not dismiss the case as directed by the statute and instead allowed the case to remain on the docket six months after the designated period. Although the judge did not cite or discuss § 1083 in his later orders, he did accept Plaintiff's "good cause" arguments in support of both motions for extensions of time. The Court must interpret these findings of "good cause" for the extensions as also satisfying the "good cause" requirement for allowing the case to remain on its docket under §1083. Obviously, in granting the extensions, the court was aware that it was simultaneously allowing the case to remain on the docket as contemplated by § 1083. This Court will not amend or revisit the state court judge's decision to grant the extensions. Therefore, the Court rejects Western Colloid's argument that the case was effectively over before the court ever granted any extensions of the service period.

### B.     Failure to State a Claim

Western Colloid does not challenge any specific element of Plaintiff's claim against it. Instead, it argues that Judge Payne's reasoning regarding the lack of specificity and the failure to link Western Colloid with Plaintiff continues to apply to the reasoning in the FAC. However, the Court has carefully reviewed the petition analyzed by Judge Payne and the FAC before this Court, and the Court finds important differences between them. The FAC contains specific dates that Plaintiff used the product and suffered damages. The FAC alleges that Plaintiff used defective

CRICS manufactured by Western Colloid on its customers' homes from sometime in 2008 to sometime in 2009. Plaintiff suffered monetary damages because it remedied customers' problems allegedly caused by the defective product. The FAC also contains specific facts explaining the relationship between Plaintiff and Western Colloid -- namely, that Plaintiff was an end user of a product manufactured by Western Colloid and distributed by Pro-Tek. These allegations provide sufficient notice and state a plausible claim for relief under relevant law.

**VI.   Conclusion**

Western Colloid's motion to dismiss the FAC (Doc. 13) is DENIED. Western Colloid's first motion to dismiss (Doc. 11) is DENIED as moot in light of the filing of the FAC. Pro-Tek's motion to dismiss (Doc. 21) is GRANTED, and all claims against it are dismissed with prejudice due to untimely service and failure to timely prosecute. Western Colloid's motion for hearing (Doc. 30) is DENIED.

The Court expects Plaintiff to meet all deadlines and diligently prosecute the case from this time forward. Plaintiff's delay has undoubtedly caused problems with proof, given that relevant events occurred approximately eight years ago. Nonetheless, Plaintiff received extensions of time in state court and shall be permitted to proceed with its action against Western Colloid.

**SO ORDERED** this 4th day of February, 2016.

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**